[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14743
Non-Argument Calendar
_____

D.C. Docket No. 4:12-cv-00111-WTM-GRS

MARLA GOULD HOLCOMB,
HENRY C. HOLCOMB,

Plaintiffs-Appellants,

versus

WELLS FARGO BANK, N.A.,
FEDERAL HOME LOAN MORTGAGE
COPORATION, a.k.a. Freddie Mac,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(March 28, 2014)

Before PRYOR, MARTIN, and HILL, Circuit Judges.

PER CURIAM:

Plaintiffs Marla Gould Holcomb and Henry C. Holcomb appeal the grant of summary judgment to Well Fargo, N.A. and Federal Home Loan Mortgage Corp. on their claim for wrongful foreclosure.[1]  The district court held that plaintiffs did not establish entitlement to relief from foreclosure as a matter of law and dismissed their claims.  For the following reasons, we agree.[2]

Under Georgia law, plaintiffs may only prevail on their wrongful foreclosure claim if defendants owed plaintiffs a legal duty that they breached when foreclosing on the property.  Plaintiffs in this case, however, point to no evidence establishing a breach of the terms of the security deed or any statutorily imposed duty.

The terms of the security deed granted defendant the power of sale in the event of plaintiffs' default. The defendants in this case contend that plaintiffs' wrongful foreclosure claim fails because plaintiff Marla Holcomb defaulted on her mortgage payments, and defendants gave her proper notice of the impending foreclosure and the opportunity to bring the loan current.  Plaintiffs failed to produce any evidence that, if true, established a duty that defendants breached by

---

[1] The plaintiffs appear to rely on theories of promissory estoppel and mutual departure from the terms of the contract to support their claim.

[2] No party requested oral argument in this appeal.

2

these actions.  Plaintiffs' contentions to the contrary, mere discussions with the bank about the possibility of a loan modification did not create any such duty.

Furthermore, the documentary evidence in the record conclusively establishes that the foreclosure process would continue unabated by consideration of a loan modification.  The defendants assumed no additional duty by this consideration.

Finally, plaintiffs cannot prevail under the doctrine of promissory estoppel because their own complaint states that there was never "any promise to modify a [sic] her loan."  As a result, plaintiffs have failed to establish the existence of a promise by defendants not to foreclose on the property.  Nor does the theory of mutual departure from the terms of the loan agreement assist plaintiffs as the record evidence clearly establishes that the loan documents provide that the original mortgage terms remained in force during the pendency of any loan modification process and there is no record evidence that the bank departed from the terms of the original contract.

Accordingly, we hold that the district court correctly granted summary judgment to the defendant and the judgment is due to be

AFFIRMED.